UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
[MIAMI DIVISION]

CASE NO. _____

MITCHELL SCHUSTER,
AS TRUSTEE FOR THE
247 RIVO LAND TRUST,

    Plaintiff,
v.

NATALIE CRAWFORD,
AS BENEFICIARY OF THE
247 RIVO LAND TRUST and
BRAD GARLINGHOUSE,
AS BENEFICIARY OF THE
247 RIVO LAND TRUST and

    Defendants.
_____//

## **COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF**

Comes now the Plaintiff, MITCHELL SCHUSTER, as TRUSTEE OF THE 247 RIVO LAND TRUST, files this complaint against Defendants, NATALIE CRAWFORD, as BENEFICIARY OF THE 247 RIVO LAND TRUST and BRAD GARLINGHOUSE, as BENEFICIARY OF THE 247 RIVO LAND TRUST, seeking a Declaratory Judgment and other relief pursuant to Fed. R. Civ. P. 57 and Fla. Stat. Ch. 86, and alleges as follows:

1. This is an action for Declaratory Judgment pursuant to Fla. Stat. Ch. 86.

2. Plaintiff seeks to establish that Plaintiff, Mitchell Schuster, as Trustee of the 247 Rivo Land Trust, may exercise his authority, pursuant to paragraph 27 of the 247 Rivo Land Trust, to use the proceeds of the sale of the trust property to pay the principal and interest due on the January 11, 2023, Promissory Note executed between the Lender of the Promissory Note and the Trustee.

## JURISDICTION AND PARTIES

3. The matter in controversy exceeds $75,000, exclusive of interest and costs, as specified by 28 U.S.C. § 1332. Notwithstanding, all substantive claims are based on Florida Law, including the Florida Declaratory Act.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as the property that is subject to the Promissory Note detailed below is located within Miami-Dade County, and the Promissory Note was entered into in Miami-Dade County.

5. Plaintiff MITCHELL SCHUSTER, as TRUSTEE OF THE 247 RIVO LAND TRUST, is a resident of the State of New York.

6. Defendant NATALIE CRAWFORD, as BENEFICIARY OF THE 247 RIVO LAND TRUST, is a resident of the State of Illinois.

7. Defendant BRAD GARLINGHOUSE, as BENEFICIARY OF THE 247 RIVO LAND TRUST, is a resident of the State of Florida.

8. BRAD GARLINGHOUSE, the Lender of the Promissory Note dated January 11, 2023, is a resident of the State of Florida.

## FACTUAL EVENTS

9. On January 10, 2023, the 247 Rivo Land Trust was established between Mitchell Schuster, as Trustee of the 247 Rivo Land Trust and Natalie Crawford and Brad Garlinghouse, each as 50% beneficial interest holders. A copy of the 247 Rivo Land Trust is attached hereto and incorporated herein as "Exhibit A."

10. On January 11, 2023, a Promissory Note in the amount of $8,717,525.62, was executed between the 247 Rivo Land Trust as borrower and Brad Garlinghouse as lender. A copy of the January 11, 2023, Promissory Note is attached hereto and incorporated herein as "Exhibit B."

11. On January 11, 2023, the real property located at 247 E Rivo Alto Drive, Miami Beach, Florida, 33139 was purchased by Mitchell Schuster, as Trustee of the 247 Rivo Land Trust. The purchase price of $16,700,000 was funded by an earnest money deposit of $1,600,000, a mortgage in the amount of $8,000,000 from First Republic Bank (now a part of JP Morgan Chase) and the January 11, 2023, Promissory Note. A copy of the Settlement Statement for that purchase is attached hereto and incorporated herein as "Exhibit C."

12. On June 5, 2024, the real property located at 247 E Rivo Alto Drive, Miami Beach, Florida, 33139 was sold by Mitchell Schuster, as Trustee of the 247 Rivo Land Trust, to Paul Casey, a single man and Viktorija Fuller, a single woman, as joint tenants with rights of survivorship, for a purchase price of $15,200,000. A copy of the Settlement Statement for that sale is attached hereto and incorporated herein as "Exhibit D."

13. Pursuant to the terms of that sale, the mortgage in the amount of $8,260,524.8, held by JPMorgan Chase Bank, was satisfied. After all other adjustments made pursuant to the settlement, $6,008,600.15 was disbursed to Mitchell Schuster, as Trustee of the 247 Rivo Land Trust. *See*, Exhibit D, line 603. Those funds have been held by the Trustee in a Private Bank Money Market Account at Citizens Private Bank.

#102510646v3

14. Given that the only asset of the 247 Rivo Land Trust was sold, on June 17, 2024, the Lender of the Promissory Note dated January 11, 2023, made a demand in full for the $8,717,525.62 due and outstanding on the Promissory Note.  A copy of the demand is attached hereto and incorporated herein as "Exhibit E."

15. Under the terms of the 247 Rivo Land Trust, the Trustee has the, "full power and authority, to protect, conserve, sell, lease, encumber or otherwise manage and dispose of said property, and agrees to hold title and the proceeds, profits, and avails thereof, if any, which may come into its possession, in Trust for the uses and purposes and under the terms herein set forth." *See*, Exhibit A, paragraph 1.

16. As a result of the June 5, 2024, property sale and after the payment of the promissory note, there will be no profits from the sale, but rather a shortage on the amount still due on the promissory note.  Under the terms of the 247 Rivo Land Trust, the two 50% beneficial interest holders only have a right to receive the ***profits*** from the sale or other disposition of the property.  They have no right to control or direct the ***proceeds*** of the sale.  That power lies solely with the Trustee.  *See*, Exhibit A, paragraphs 3 and 27.

17. While not required by the specific terms, conditions and rights that exist under the terms of the 247 Rivo Land Trust, the parties agreed that the proceeds from the sale would not be distributed without the consent of the two 50% beneficial interest holders or an Order from a court of competent jurisdiction.

18.  Based on the foregoing agreement, the Trustee has reached out to the two 50% beneficial interest holders to obtain their position on the disbursal.  Brad Garlinghouse does not object to the Trustee's disbursal of the $6,008,600.15 held by the Trustee in a Private Bank Money Market Account at Citizens Private Bank.  However, Natalie Crawford has, without a legal

basis, objected to the Trustee's disbursal. This has forced the Trustee to seek the instant Declaratory Judgment.

**COUNT I**
**PLAINTIFF IS ENTITLED TO A DECLARATION OF HIS RIGHT**
**THAT PAYMENT OF THE NOTE IS DUE**

All allegations contained in paragraphs 1 through 18 above are incorporated herein.

This is an action for Declaratory Judgment pursuant to Fla. Stat. Ch. 86 declaring that Plaintiff, Mitchell Schuster, as Trustee of the 247 Rivo Land Trust, may exercise his authority, pursuant to paragraph 27 of the 247 Rivo Land Trust, to use the proceeds of the sale of the trust property to pay the principal and interest now due, based upon the lender's June 17, 2024, demand (See "Exhibit E"), on the January 11, 2023, Promissory Note executed between the Lender of the Promissory Note and the Trustee.

In Florida, pursuant to Fla. Stat. Sec. 86.401(3), a Trustee has a right to seek a determination of any question related to the administration of the trust.

> "Section 86.041 provides that *any person* interested as a trustee in the administration of a trust may have a declaration of rights to determine *any question* arising in the administration of the trust (emphasis supplied). The petition itself must show a bona fide, actual, present, practical need for the declaration, deal with a present state of facts, show that a right of the complainant depends on the facts, involve a person with an actual, present, adverse and antagonistic interest in the subject matter, place the adverse interest before the court and seek more than advice or the satisfaction of curiosity."

*Dent v. Belin*, 483 So. 2d 61, 62 (1st DCA 1986), (*internal citations omitted*)

Here, there is a bona fide, actual, present practical need for the declaration that Mitchell Schuster, as Trustee of the 247 Rivo Land Trust, be allowed to exercise his authority, pursuant to paragraph 27 of the 247 Rivo Land Trust, to use the proceeds of the sale of the trust property to pay the principal and interest now due, based upon the lender's June 17, 2024, demand (See "Exhibit E"), on the January 11, 2023, Promissory Note executed between the Lender of the Promissory

5

Note and the Trustee. The declaration deals with a present, ascertainable state of facts pertaining to enforcement of the Promissory Note.

Thus, Plaintiff's rights are dependent upon the facts and/or the law applicable herein; there is a person who has, or reasonably may have, an actual, present, adverse and antagonist interest in the subject matter and the antagonistic and adverse interest is before the court. Furthermore, the relief sought herein is not merely requesting legal advice from the court or an answer to a question to satisfy curiosity.

Therefore, a Declaratory Judgment is proper herein and should be granted.

**WHEREFORE**, Plaintiff, as Trustee of the 247 Rivo Land Trust, respectfully request this Court to order the following relief:

A. Enter a Declaratory Judgment against the Defendants declaring that Mitchell Schuster, as Trustee of the 247 Rivo Land Trust, be allowed to exercise his authority, pursuant to paragraph 27 of the 247 Rivo Land Trust, to use the proceeds of the sale of the trust property to pay the principal and interest now due, based upon the lender's June 17, 2024, demand (See "Exhibit E"), on the January 11, 2023 Promissory Note executed between the Lender of the Promissory Note and the Trustee.

B. Grant the Plaintiff' attorney's fees and costs pursuant to the Indemnification clause contained in the 247 Rivo Land Trust.

C. Grant the Plaintiff's attorneys fees and/or costs under Fla. Stat. §57.105(7), and any other applicable statute or case law.

#102510646v3

    D.    Such other and further relief as the court deems just and adequate.

Dated this 23rd day of August, 2024.

                              Respectfully submitted,

**JONES WALKER LLP**
201 S. Biscayne Blvd.
Thirtieth Floor
Miami, Florida 33131
Telephone: 305-679-5700
Facsimile: 305-679-5710
Email: dweinstein@joneswalker.com
**/s/ David S. Weinstein**
Florida Bar No. 749214
Counsel for Plaintiff

#102510646v3