## LAND TRUST AGREEMENT

THIS TRUST AGREEMENT known as **247 Rivo Land Trust** dated ~~December~~ Jan 10, ~~2023~~ by and between Mitchell Schuster as Trustee, and the following beneficiaries in the following percentages:

50% of the beneficial interest hereunder to Natalie Crawford and the remaining 50% interest to Brad Garlinghouse hereunder, with both collectively having full power to assign and deal with all of the rights and interests of the beneficial interest. Upon the death of either of the beneficial owner(s) during the existence of this trust, provided that said interest shall not have been previously assigned or otherwise disposed, the decedent's interest shall vest in and be owned by the legal representatives of the estate of the survivor of Natalie Crawford as to her interest and of Brad Garlinghouse as to his interest.

1. The Trustee is about to take title to real estate under the provisions of Florida Statutes sections 689.071 and 689.073, with full power and authority, to protect, conserve, sell, lease, encumber or otherwise manage and dispose of said property, and agrees to hold title and the proceeds, profits, and avails thereof, if any, which may come into its possession, in Trust for the uses and purposes and under the terms herein set forth.

2. PROPERTY. The Trustee will take title to all or some of the following property and may in the future acquire additional property on behalf of the trust:

   **247 E Rivo Alto Drive, Miami Beach, FL 33139**
   **Property Appraiser's Parcel Identification Number: 02-3233-001-0390**

3. BENEFICIARIES' INTEREST. The interests of the beneficiaries hereunder except as otherwise set forth herein and of any person who becomes entitled to any interest under this Trust shall consist of a power of direction to deal with the title to said property and to manage and control said property and the right to receive the proceeds from rentals, mortgages, sales or other dispositions. It is the intention of this instrument to vest the legal and equitable title to said premises in the Trustee under Florida statutes section 689.071 and 689.073, HOWEVER, subject to the beneficiaries having a beneficial interest for life and being entitled to a homestead tax exemption pursuant to the provisions of F.S. § 196.041(2) and Section 6, Article VII, Florida State Constitution. The beneficiaries shall have the power to sign offers to purchase property, listing agreements to offer the trust property for sale, and to sign real estate sales contracts to sell the property out of the trust.

4. DEATH OF BENEFICIARY. Except as herein otherwise specifically provided, the right and interest of any beneficiary hereunder who is a natural person shall pass at death to his Personal Representative and not to his heirs at law. The death of any beneficiary hereunder shall not terminate the Trust or in any manner affect the powers of the Trustee hereunder.

5. OWNERSHIP. A copy of this Trust Agreement shall be proof of a Beneficiary's interest in this trust and the property owned by it. If a Beneficiary wishes to have a Trust Participation Certificate issued for assignment or collateral purposes, upon request, each beneficiary hereunder shall be issued a Trust Participation Certificate in a form approved by the Trustee, which shall indicate the beneficiary's percentage interest in the Trust and the land held by the Trustee.

6. ASSIGNMENT. If Trust Participation Certificates have been issued, no assignment of any beneficial interest hereunder shall be binding on the Trustee until the Trust Participation Certificate representing the assigned share is surrendered to the Trustee with the assignment noted thereon and a new Certificate or Certificates are issued by the Trustee. If no Trust Participation Certificates have been issued, assignment shall be by an assignment form approved by the Trustee and shall not be binding until signed by the Trustee.

7. LOST CERTIFICATES. In the event a beneficiary's Trust Participation Certificate is lost, stolen or destroyed, the Trustee shall cancel it on the records of the Trust and issue a new Certificate after receiving an Affidavit as to the circumstances of the loss attested to by the beneficiary.

8. PURCHASERS. It shall not be the duty of the purchaser of the trust property or any part thereof to see to the application of the purchase money paid therefor; nor shall anyone who may deal with the Trustee be privileged or required to inquire into the necessity or expediency of any act of the Trustee, or as to the provisions of this instrument.

9. DUTY OF TRUSTEE. While the Trustee is sole owner of the real estate held by it hereunder so far as the public is concerned and has full power to deal with it, it is understood and agreed by the persons in interest hereunder, and by any persons who may hereafter become interested, that the Trustee will deal with it only when authorized to do so in writing and that it will execute contracts, deeds or other instruments dealing with the said real estate or any part thereof only on the written direction of the beneficiaries hereunder at the time.

10. TERMINATION BY TRUSTEE. If the trust property or any part thereof remains in the trust twenty (20) years from this date, the Trustee shall, unless otherwise agreed by all parties in writing, convey and deliver the same to the beneficiaries in accordance with their respective interests.

11. LIMITATION ON BENEFICIARIES. No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee or use the name of the Trustee in any advertising or other publicity or to bind the Trustee individually. Beneficiary shall not open any financial or utility accounts or obtain any licenses in the name of the Trustee.

12. LIMITATION OF TRUSTEE'S LIABILITY. The liability of the Trustee hereunder shall be limited to the assets of this Trust. All obligations incurred by the Trustee hereunder shall be the obligations of this Trust only and not the Trustee in its individual corporate capacity. The Trustee shall not be required to enter into any obligation or liability in dealing with the Trust property nor to expend any personal sums to defend or protect the Trust property.

13. NONINVOLVEMENT IN TRANSACTIONS. It is understood and agreed by the beneficiaries, directors and any parties becoming beneficiaries or directors in the future, that the Trustee hereto is only following the directions of the parties to this trust and is not involved in any way in the agreements, negotiations or deals between them or with third parties. Any party with any interest in this trust or any other agreements related to this trust should seek the advice of a competent attorney. The parties hereto, and those who become parties hereto, shall indemnify and hold harmless the Trustee for any claims related to involvement with this trust.

14. NOTIFICATION OF CLAIMS. In the event the Trustee shall receive notice of claims or actions against the Trust, it shall notify the beneficiaries at their last known addresses.

15. INDEMNIFICATION. The beneficiaries hereunder, jointly and severally, agree to hold the Trustee harmless and indemnify the Trustee for any costs, obligations, liabilities or other amounts including reasonable attorney fees, expended on behalf of the property of the trust, or in defense of any claims related to the property of the trust. Trustee shall notify beneficiaries upon receipt of any such claims and give beneficiaries an opportunity to defend or cure such claims.

16. WARRANTY. The beneficiaries hereunder and any parties accepting an interest hereunder warrant that this trust is not set up or maintained for any illegal or criminal purpose. In the event any beneficiary becomes aware of any possible illegality regarding this trust he or she shall immediately inform the Trustee. The Trustee may, at any time it becomes convinced that the trust is or has become illegal or in violation of any law of the State of Florida or the United States, immediately resign as provided in paragraph 20.

17. LIMITATIONS ON AGREEMENTS. This Agreement shall not be deemed to be, create, or evidence the existence of a corporation de facto or de jure, or a any other type of business trust, or an association in the nature of a corporation or a general or limited partnership, or a joint venture by or between the Trustee and the beneficiaries.

18. TAXES. Nothing herein contained shall be construed as imposing any obligation on the Trustee to file any income, profit or other tax reports or schedules, it being expressly understood that the beneficiaries hereunder from time to time will individually make all such reports and pay any and all taxes growing out of their interest under this Trust Agreement.

19. REPLACEMENT OF TRUSTEE. The Trustee may be replaced in any of the following manners:
a. Resignation. The Trustee may resign at any time by mailing a notice of its intention to do so to each of the beneficiaries at each's last known address. In the event of such resignation the beneficiaries may appoint a successor Trustee, by lodging an instrument with the Trustee signed by him and accepted by the Successor Trustee. If no Successor Trustee is appointed within thirty
(30) days, upon at least ten (10) days notice thereafter, if no Successor Trustee is appointed, the Trustee may convey the Trust property to the beneficiaries according to their interests or if married as Tenants by the Entireties and this Trust shall terminate. If, in the opinion of the Trustee, the Trustee may be subjected to embarrassment, litigation, insecurity, liability or hazard, the Trustee may at any time and without notice resign as to all or part of the trust property and convey such trust property to the beneficiaries.
b. Replacement. The beneficiaries and accepted by the Successor Trustee. Upon receipt of said instrument and if there shall be no fees due and owing to him, the Trustee shall deed the property to the Successor Trustee.

Any successor Trustee under this Trust shall have all of the powers, properties and duties of the original Trustee. Any replacement of the Trustee shall not affect his first lien on the Trust property, for his costs, expenses, attorney's fees and reasonable compensation.

20. RECORDING. This Trust shall not be recorded except as herein provided or required by law.

21. DISCLOSURE. The Trustee shall not release information regarding this Trust except as required by law. In making a disclosure required by law, the Trustee shall supply beneficiaries with copies of any reports filed and shall be subject to no liability for the filing of such reports.

22. FLORIDA RICO ACT. Notwithstanding any provision of this Trust to the contrary, the Trustee shall have no obligation to convey title to real property held by the Trustee pursuant to this Agreement until it has performed or caused to be performed, at the expense of the beneficiaries of this Trust Agreement, a search of the official records of all counties in which such real property is located. If such search discloses that no Rico lien notices have been filed against any person for whom the Trustee holds legal or record title to real property pursuant to this Trust Agreement, then the Trustee may convey its legal or record title to such real property in accordance with the written instructions of the beneficiary. If such search discloses that one or more Rico lien notices have been filed against any person for whom the Trustee holds legal or record title to real property pursuant to this Trust Agreement then the Trustee shall not convey its legal or record title to such real property unless:

a. All such Rico lien notices have been released or terminated or such real property has been released from all such Rico lien notices, or

b. Such persons named in the Rico lien notice agree in writing that the total amount of all proceeds that would otherwise be received directly by such person as a result of the conveyance, will be paid directly to the Trustee, and that the Trustee shall have the right to hold such proceeds, together with the total amount of all such proceeds that would otherwise be paid or distributed to such person or at the direction of such person or his designee, until such time as the provisions of subsection a. above have been satisfied, and also agrees, in writing, that at the request of the Department of Legal Affairs of the State of Florida, or the office of any state attorney of the State of Florida, the Trustee, without any liability to the person named in the Rico lien notice, may pay the total amount of such proceeds held by the Trustee pursuant to the provisions of this subsection b. to the Department of Legal Affairs of the State of Florida or the office of any state attorney of the State of Florida.

23. STATE OR LOCAL TAXES. In the event that any documentary stamp tax, or other state or local taxes or fees are due regarding this trust, these shall be the sole responsibility of the beneficiaries who shall hold the Trustee harmless from any claims or liens for such amounts.

24. BUSINESS AND RENTAL LICENSES. The Trustee is solely in the business of holding title to real property in trust for the Trust Beneficiaries. Any rentals of the property are handled by the Beneficiaries or their Property Managers. Any local business licenses, rental licenses, or landlord licenses should be taken in the name of the beneficiaries or whoever is the party acting as landlord for the premises.

25. LIMITATION ON BENEFICIARIES' LIABILITY. With regard to any claims by third parties, the Beneficiaries' liability shall be limited to the assets of the trust as provided by F.S. 689.071(8)(a).

26. DISCLOSURE OF ASSIGNMENTS. Trustee shall have no duty to file any reports of the assignment of any beneficial interests under this trust. Any such duty shall be the obligation of the beneficiaries.

27. PROCEEDS. In the event of sale or rental of the trust property, any proceeds and rents shall be payable to the beneficiaries of the trust, or as the beneficiaries shall direct, and not the Trustee. Upon request the Trustee shall provide written instructions to the closing agent or lessee as to how to make payment.

28. TAX IDENTIFICATION NUMBERS. A land trust, as a disregarded entity under IRS rules, does not normally have a taxpayer identification number, it uses the tax number of the beneficiaries of the trust. The Trustee and Trustee's employees are not a party to any transaction or financing regarding the trust property, so the Trustee's taxpayer identification number, and the employees' social security numbers shall not be used in connection with any trust transaction for any reason.

29. PARTITION. The remedy of partition shall not be available to the beneficiaries of this Land Trust.

30. PARTIES BOUND. This Agreement shall extend to and be obligatory upon the heirs, successors, administration and assigns of the respective parties.

31. GENDER. Any references to he or him in this Agreement shall apply to parties of either gender.

32. PARAGRAPH TITLES. The titles of paragraphs are for convenience only and shall in no way be used for the purpose of construing the meaning of this Agreement.

33. GOVERNING LAW. This Agreement shall be construed under the laws of the State of Florida.

34. COUNTERPARTS. This agreement, and any documents related to it, may be signed in one or more counterparts, each of which shall be deemed an original, and all of which together shall be considered one instrument.

35. CONTACT INFORMATION. The addresses of the parties as of the date of this Agreement for the purpose of notices and forwarding mail are:

Trustee:        Eric A. Jacobs
                c/o Nexterra Law
                ejacobs@nexterralaw.com
                1680 Michigan Avenue, Suite 700 #182
                Miami Beach, FL 33139
                Phone: 305-695-2699

Beneficiary:    Brad Garlinghouse and Natalie Crawford
                1000 Biscayne Blvd., #3801
                Miami, FL 33132
                Phone: 415-275-0082
                brad@garlinghouse.org

Beneficiary agrees to immediately advise Trustee of any new address, phone number, and email.

IN WITNESS WHEREOF, the Beneficiary and Trustee have executed this agreement to be effective as of the date and year above written.

TWO WITNESSES:                                                          BENEFICIARY:

Witness (sign) _____                                _____
(print) Cameron Norton                                                  Brad Garlinghouse

Witness (sign) Mayson Sprague
(print) mayson sprague

STATE OF Kansas            )
COUNTY OF Douglas          )

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this 10 day of ~~December 2022~~ January 2023 by Brad Garlinghouse who is ☐ personally known to me or who have ☑ produced FL DL # ████████-██-███ as identification and who executed the foregoing instrument and he acknowledged before me that he executed the same.

State of Kansas
CARTER BOSS
Notary Public-State of Kansas
My Appt. Expires 02/06/2025
County of Douglas

Notary Public _____
Print Name Carter Boss
My commission expires: 02/06/2025

_____
Natalie Crawford

Witness (sign) _____
(print) Cameron Norton

Witness (sign) Mayson Sprague
(print) Mayson Sprague

STATE OF Kansas            )
COUNTY OF Douglas          )

The foregoing instrument was Natalie Crawford Garlinghouse who is ☐ personally known to me or who have ☑ produced IL DL # ████████-███-1701 as identification and who executed the foregoing instrument and he acknowledged before me that he executed the same.

State of Kansas
CARTER BOSS
Notary Public-State of Kansas
My Appt. Expires 02/06/2025
County of Douglas

Notary Public _____
Print Name Carter Boss
My commission expires: 02/06/2025

ACCEPTED BY TRUSTEE:

Mitchell Schuster, Trustee