EXHIBIT E

**From:** Brad Garlinghouse <bgarlinghouse@yahoo.com>
**Sent:** Monday, June 17, 2024 5:26 PM
**To:** Mitch Schuster <ms@msf-law.com>
**Subject:** demand for payment

> **CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Mitch,
As trustee of the 247 Rivo Land Trust, I am writing to you to demand payment for the note of $8,717,525.62. I have attached the note for your reference.

As you are aware, with the sale of the property at 247 E Rivo Alto, and as outlined in Section 8 of the note, I expect payment within 60 days.

If you have any questions about this demand for payment please let me know.

Brad

EXHIBIT E

# PROMISSORY NOTE

$8,717,525.62                                                                                                     Jan 11, 2023

FOR VALUE RECEIVED, <u>247 Rivo Land Trust</u> ("Borrower"), promises to pay to the order of <u>BRAD GARLINGHOUSE</u> ("Lender"), the principal amount of this Note together with interest at the rate stated hereunder.

    1. <u>Principal Amount</u>. The principal amount of this Note shall be <u>EIGHT MILLION, SEVEN HUNDRED AND SEVENTEEN THOUSAND, FIVE HUNDRED AND TWENTY-FIVE DOLLARS AND 62 CENTS. ($8,717,525.62).</u>

    2. <u>Interest Rate</u>. The rate at which interest shall accrue on the principal amount under this Note is FOUR and ONE-HALF Percent (4.5%) per annum.

    3. <u>Payments</u>. Principal and Interest shall be due and payable on January 11, 2026.

    4. <u>Purpose</u>. This Promissory Note is entered into by the parties for the purpose of documenting the obligation arising from a loan.

    5. <u>Prepayment</u>. Borrower shall have the right to voluntarily prepay all or any portion of the principal balance, together with accrued interest thereon, at any time without prepayment fee or other penalty.

    6. <u>Timeliness of Payment</u>. A payment is timely made if it is actually received by Lender on or before the date on which it is due, or if it is mailed using the U.S. Postal Service and is postmarked at least one day prior to the date on which it is due. If the date a payment is due falls on a Saturday, Sunday, or a day that is a legal holiday under the laws of the United States, that monthly payment shall be due on the next succeeding business day.

    7. <u>Treatment of Payments</u>. Payments from Borrower to Lender under this Note shall be applied first to any accrued and unpaid interest and second to principal.

    8. <u>Events of Default</u>. The occurrence of any one or more of the following shall constitute an "Event of Default" under this Note:

        (a) Failure by Borrower to pay any amount due under this Note, as currently stated or as otherwise adjusted, within thirty (30) days of the date due.

        (b) Failure by Borrower to perform or observe any other covenant or agreement contained in this Note or the Deed of Trust.

        (c) Determination that any representation or warranty made by Borrower in this Note, or the Deed of Trust is false or misleading in any material respect as of the date when made.

        (d) Borrower is (i) the subject of an order for relief by the bankruptcy court or is unable or admits in writing Borrower's inability to pay Borrower's debts as they mature or makes an assignment for the benefit of creditors; or (ii) any judgment, writ, warrant of attachment or execution or similar process is issued or levied against all or any part of the property of Borrower and is not released, vacated or fully bonded within thirty (30) calendar days after its issue or levy.

    9. <u>Remedies</u>. If an Event of Default has occurred, Lender may, upon sixty (60) days' written notice to Borrower, (a) declare the entire unpaid principal balance and all accrued and unpaid interest on this Note immediately due and payable and (b) exercise any and all remedies provided under applicable law, including the right to seek full satisfaction of the obligations of Borrower under this Note from Borrower.

10. <u>Lender's Rights; No Waiver by Lender</u>. The rights, powers and remedies of Lender under this Note shall be in addition to all rights, powers and remedies available to Lender by virtue of any statute or rule of law. All such rights, powers and remedies shall be cumulative and may be exercised successively or concurrently in Lender's sole discretion without impairing Lender's rights or available remedies. Any forbearance, failure or delay by Lender in exercising any right, power or remedy shall not preclude further exercise thereof, and every right, power or remedy of Lender shall continue in full force and effect until such right, power or remedy is specifically waived in a writing executed by Lender.

11. <u>Borrower's Waivers</u>. Borrower and any endorsers of this Note, and each of them, hereby waive diligence, demand, presentment for payment, notice of non-payment, protest and notice of protest, and specifically consent to and waive notice of any renewals or extensions of this Note, whether made to or in favor of Borrower or any other person or persons. Borrower and any endorsers of this Note expressly waive all right to the benefit of any statute of limitations and any moratorium, reinstatement, marshaling, forbearance, extension, redemption or appraisement now or hereafter provided by the Constitution and the laws of the United States of America and of any state thereof, as a defense to any demand against Borrower or any such endorsers, to the fullest extent permitted by law.

12. <u>Transfers by Lender</u>. This Note or any interest in this Note may be hypothecated, transferred or assigned by Lender without the prior consent of Borrower.

13. <u>Transfers by Borrower</u>. Borrower shall not sell, convey, encumber or otherwise transfer all or any part of Borrower's interest in any security for Borrower's obligations under this Note, voluntarily or involuntarily, without Lender's prior written consent, which consent may be withheld in Lender's sole discretion. If any such sale, conveyance, encumbrance or other transfer occurs without Lender's prior written consent, Lender, in Lender's sole and absolute discretion, may declare this Note to be immediately due and payable, irrespective of the Maturity Date specified herein, and Lender may invoke any rights and remedies provided hereunder.

14. <u>Amendment</u>. This Note may be amended or modified only by an instrument in writing which by its express terms refers to this Note and which is duly executed by the party sought to be bound thereby.

15. <u>Successors and Assigns</u>. This Note shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and permitted assigns.

16. <u>Governing Law</u>. This Note shall be governed by and construed in accordance with the laws of the State of Florida.

17. <u>Attorneys' Fees</u>. Borrower agrees to pay all costs, including reasonable attorneys' fees and expenses, incurred by Lender in enforcing payment or collection of this Note, whether or not suit is filed.

18. <u>Usury</u>. Notwithstanding any provision herein, the total liability for payments in the nature of interest shall not exceed the applicable limits imposed by any applicable state or federal interest rate laws. If any payments in the nature of interest, additional interest and other charges made hereunder are held to be in excess of the applicable limits imposed by any applicable state or federal laws, it is agreed that any such amount held to be in excess shall be considered payment of principal and the principal balance shall be reduced by such amount in the inverse order of maturity so that the total liability for payments in the nature of interest, additional interest and other charges shall not exceed the applicable limits imposed by any applicable state or federal interest rate laws in compliance with the desires of Lender and Borrower.

19. <u>Notices</u>. All notices, requests, demands, instructions and other documents required or permitted by this Note shall be personally delivered or couriered, or sent by other means of written telecommunication, or mailed, certified or registered mail, return receipt requested, to the following addresses (or such other address to which a party has been notified in accordance with this provision):

If to Lender:

Brad Garlinghouse
247 E RIVO ALTO DR
MIAMI BEACH, FL 33139
And by email to: BRAD@GARLINGHOUSE.ORG

A personal or courier delivered notice shall be effective on delivery; a notice sent via telex, facsimile or other means of written telecommunications shall be effective one (1) business day after sending; a mailed notice shall be effective upon the date shown on the return receipt or other evidence of delivery; provided, however, that if the recipient refuses to accept delivery, such notice shall be effective three (3) business days after being mailed.

IN WITNESS WHEREOF, Borrower has caused this Note to be executed and delivered effective as of the date first written above.

BORROWER:

_____
MITCHELL SCHUSTER, Trustee 247 Rivo Land Trust


LENDER:

_____
BRAD GARLINGHOUSE